**CLEARY GOTTLIEB STEEN & HAMILTON LLP,**
Appellant,

v.

**KENSINGTON INTERNATIONAL LIMITED, Plaintiff–Appellee,**

Republic of Congo, formerly known as The People's Republic of Congo, Societe Nationale Des Petroles Du Congo, Defendants.

Nos. 07–4075–cv(L), 07–4578–cv(con).

United States Court of Appeals, Second Circuit.

July 1, 2008.

Roy L. Reardon (Mary Elizabeth McGarry, Christine A. Sebourn, of counsel), Simpson Thatcher & Bartlett LLP, New York, NY, for Appellants.

Kevin S. Reed, Quinn Emanuel Urquhart Oliver & Hedges LLP (William B. Adams, Quinn Emanuel Urquhart Oliver & Hedges LLP; Robert A. Cohen, Dechert LLP, of counsel), New York, NY, for Appellee.

PRESENT: RALPH K. WINTER, ROGER J. MINER, and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Appellant Cleary Gottlieb Steen & Hamilton LLP ("Cleary"), appeals from an August 24, 2007, Opinion and Order of the District Court formally reprimanding Cleary and ordering Cleary to reimburse plaintiff-appellee Kensington International Limited ("Kensington") for the costs of $ 165,000.00 that Kensington incurred in bringing its motion to sanction Cleary.[1] *Kensington Int'l Ltd. v. Republic of Congo*, 03–civ–4578, 2007 WL 2456993 (S.D.N.Y. Aug.24, 2007). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review "all aspects of a District Court's decision to impose sanctions for

---

1. In *New Pacific Overseas Group (U.S.A.) Inc. v. Excal Int'l Development Corp.*, 252 F.3d 667 (2d Cir.2001), we held that, following the Supreme Court's holding in *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999), "an order imposing sanctions on an attorney" is appropriately reviewed "on appeal from a final judgment." *Id.* at 669–70 (internal quotation marks omitted). The events at issue here occurred during post-judgment discovery, leaving no question as to our jurisdiction to hear this matter.

abuse of discretion," taking care "to ensure that any ... decision to sanction a party or attorney is made with restraint and discretion." *United States v. Seltzer*, 227 F.3d 36, 39 (2d Cir.2000) (internal quotation marks and alterations omitted). "A district court abuses ... the discretion accorded to it when (1) its decision rests on an error of law ... or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *United States v. Owen*, 500 F.3d 83, 87 (2d Cir.2007) (internal quotation marks omitted).

The District Court, based on evidence presented at two hearings, found that attorneys from Cleary had sought "to delay or obstruct the post-judgment discovery process" in the captioned matter, *id.* at *6, by "attempt[ing] to dissuade a non-party witness from attending a post-judgment deposition," *id.* at *1. The District Court also found that the attorneys in question failed to establish, through credible testimony or otherwise, a good-faith-motive for their actions. Concluding that Cleary had "crossed the line" between "zealous advocacy and improper conduct," the District Court determined that a grant of sanctions was "necessary to remind Cleary that it has obligations beyond representing its client." *Id.* at *10. On appeal, Cleary contends that the District Court improperly credited the testimony of the non-party

witness over the testimony of the attorneys in question.

The District Court based its finding that the attorneys in question had acted in bad faith and without legal justification on both the content of their statements and the demeanor they exhibited when making these statements.[2] Nothing in the record suggests that the District Court interpreted the evidence before it incorrectly—let alone arrived at conclusions that "cannot be located within the range of permissible decisions," *Owen*, 500 F.3d at 87. *Cf. United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir.2004) (noting that "where ... findings [of fact] are based on credibility determinations, even greater deference [than usual] is required, 'for only the [court hearing the evidence] can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said.'") (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)); *see also Cifra v. G.E. Co.*, 252 F.3d 205, 213 (2d Cir.2001) (noting that "decisions as to whose testimony to credit and which ... permissible inferences to draw are solely within the province of the trier of fact"). Nor does a review of the record reveal any error in the District Court's understanding of the applicable law or application of that law. Accordingly, we decline to disturb the District Court's grant of sanctions in favor of Kensington.

---

**2.** For example, the District Court noted that, on three separate occasions in his testimony, one of the attorneys answered questions in a manner that "served to raise the Court's suspicion that he was not being forthright in his answers." *Kensington Int'l Ltd.*, 2007 WL 2456993, at *9. Specifically, he (1) offered testimony that contradicted statements he had made in his affidavit to the court and (2) answered questions relating to two separate matters in an "evasive" manner. *Id.* at *10. As the District Court observed: "While he

denies much of what transpired, his admissions ... in all but the most technical sense[ ] seem to contradict his denials." *Id.* at *5.

The non-party witness, on the other hand, offered testimony that struck the District Court as "more consistent and more believable." *Id.* at *5. Accordingly, the District Court elected to credit the non-party witness's deposition testimony about the events in question "as verified by portions of his oral testimony in court and the record." *Id.* at *8.

Having considered all of appellant's arguments on appeal and found them to be without merit, we AFFIRM the order of the District Court.